**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

JUAN CARLOS VAZQUEZ-MUNOZ,

          Defendant.

No. CR99-4057-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING
DEFENDANT'S MOTION TO
VACATE JUDGMENT AND
SENTENCE PURSUANT TO 28
U.S.C. § 2255**

---

**TABLE OF CONTENTS**

*I.*  *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A.*  *Charges, Conviction, Sentencing, And Appeal* . . . . . . . . . . . . . . . . . 2
    *B.*  *The Motion To Vacate Sentence* . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II.*  *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *A.*  *Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . . 7
    *B.*  *Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . . 9
        *1.*    *Failure to file after being expressly instructed by the client* . . 10
        *2.*    *Failure to file without obtaining defendant's consent* . . . . . . 14
        *3.*    *Failure to object to the PSIR regarding the defendant's role
             in the offense* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
    *C.*  *Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*III.*  *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

This matter comes before the court pursuant to defendant Juan Carlos Vazquez-Munoz's June 24, 2002, Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 59). In this motion, Vazquez-Munoz seeks relief from his sentence on a drug conspiracy charge based on the alleged ineffective assistance by his counsel in failing to file a notice of appeal after being so instructed by defendant Vazquez-Munoz. The parties have briefed the issues presented, and the court has held an evidentiary hearing. Therefore, the court finds the motion is now ripe for disposition.

## I. INTRODUCTION

### A. Charges, Conviction, Sentencing, And Appeal

In a single count Indictment handed down on October 27, 1999, defendant Vazquez-Munoz was charged with conspiring to distribute 1000 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. The charge followed Vazquez-Munoz's arrest that resulted from a search effectuated at a residence located in South Sioux City, Nebraska, on September 17, 1999. At the time of his arrest, Vazquez-Munoz claims he was on a three-day methamphetamine binge and has no memory of the details he provided regarding his involvement in the drug distribution conspiracy. Despite the fact that Vazquez-Munoz contested the attributable drug quantity and the government's contention that he was a leader or manager in the organization, he agreed to plead guilty to the underlying charge. On July 18, 2000, Vazquez-Munoz appeared before Magistrate Judge Paul A. Zoss and entered a plea of guilty. Judge Zoss determined that Vazquez-Munoz's guilty plea was knowing and voluntary and that the offense charged was supported by an independent basis in fact containing each of the essential elements of such an offense. Consequently, Judge Zoss issued a Report and Recommendation recommending that Vazquez-Munoz's plea of guilty

be accepted (Doc. No. 29). This court accepted Judge Zoss's Report and Recommendation on August 8, 2000 (Doc. No. 30).

Vazquez-Munoz appeared for sentencing before this court on October 27, 2000. The Presentence Investigation Report (PSIR) attributed 23 pounds of methamphetamine to Vazquez-Munoz and concluded he was a leader in the drug conspiracy. Prior to the sentencing, Vazquez-Munoz filed objections to the first draft of the PSIR with respect to the quantity of drugs attributed to him and his role in the conspiracy. Specifically, Vazquez-Munoz argued he was only accountable for 4.4 pounds of methamphetamine and that he was not a leader or manager of the conspiracy. However, during the sentencing hearing, the defendant's attorney, Michael Frey, represented that, following his review of the PSIR with his client, Vazquez-Munoz decided to withdraw his objections to the PSIR and proceed to sentencing by accepting the PSIR in its final form. Vazquez-Munoz agreed with Frey's rendition of the events on the record and indicated to the court that he had been afforded adequate opportunity to review the PSIR with Frey. Consequently, in accord with the calculations computed by the final PSIR, the court determined that Vazquez Munoz's total offense level was 36 and that he had a criminal history category of III, which resulted in a sentencing range of 235-293 months. The court sentenced Vazquez-Munoz at the bottom end of the guideline range for a term of 235 months. Vazquez-Munoz did not file a timely appeal of his conviction or sentence.

On March 26, 2001, Vazquez-Munoz filed a *pro se* Motion To Reopen The Time To File An Appeal, requesting the case be reopened based on good cause. He contended that the failure of his counsel to file a notice of appeal constituted good cause. On March 26, 2001, the court entered an order denying Vazquez-Munoz's motion on the ground that the court lacked jurisdiction to grant him leave to file a late notice of appeal pursuant to Rule 4(b)(4) of the Federal Rules of Civil Procedure. Vazquez-Munoz appealed that order

to the Eighth Circuit Court of Appeals.  The Eighth Circuit Court of Appeals affirmed the denial of leave to file a late notice of appeal on July 9, 2001.

## B.  *The Motion To Vacate Sentence*

On June 24, 2002, Vazquez-Munoz filed, *pro se*, his Motion To Vacate, Set Aside, Or Correct Sentence, which is now before the court.  In his motion, Vazquez-Munoz asserted ineffective assistance of counsel due to his attorney's failure to file a notice of appeal when so instructed by defendant Vazquez-Munoz.  Vazquez-Munoz averred that, immediately after imposition of his sentence, he indicated to Frey that he wished to file an appeal.  In addition to his requested relief, Vazquez-Munoz requested an evidentiary hearing on the matter.

In an Initial Review Order, filed June 26, 2002 (Doc. No. 60), the court held that Vazquez-Munoz's claim of ineffective assistance of counsel was not such that it plainly appeared that Vazquez-Munoz was not entitled to any relief.  *See* 28 U.S.C. § 2255 (the court shall dismiss the § 2255 motion if it plainly appears on the face of the motion and the files and the records in the case that the movant is not entitled to any relief).  Therefore, the court ordered the United States Attorney to respond to Vazquez-Munoz's motion.  In a response filed August 9, 2002 (Doc No. 64), the government resisted Vazquez-Munoz's claim of ineffective assistance of counsel on the merits.  Specifically, the government contested Vazquez-Munoz's assertions that he had requested Frey file an appeal.  Rather, the government represented, in the form of an affidavit from Frey, that Vazquez-Munoz informed counsel he did not want to appeal his case, and was, instead, interested in pursuing a Rule 35 motion.  Vazquez-Munoz filed a reply on September 25, 2002 (Doc. No. 67), in which he referred to the Government's response as "maddening."

Because the motions, files, and records of the case were inconclusive regarding whether Vazquez-Munoz instructed his counsel to file an appeal, an evidentiary hearing was held on September 22, 2006. *See Holloway v. United States*, 960 F.2d 1348, 1357 (8th Cir. 1992) (stating that if the record is inconclusive regarding whether the defendant instructed his counsel to file an appeal, the court would be compelled to remand back to the district court for an evidentiary hearing on the issue); *see also Estes v. United States*, 883 F.2d 645, 649 (8th Cir. 1989) (same).[1] At the hearing, Vazquez-Munoz testified, in contradiction to the assertion made in his brief, that immediately following imposition of his sentence, he did not discuss filing a notice of appeal with Frey.[2] Instead, Vazquez-Munoz testified that he did not make an attempt to discuss filing an appeal with Frey until sometime between the 10th and 13th of November, 2000, when he left a message with Frey's secretary to have Frey contact him regarding the possibility of appealing his sentence. According to Vazquez-Munoz, he subsequently did have a conversation with Frey, via telephone, on approximately November 13, 2000. During that conversation, he inquired into whether Frey had appealed. When Frey responded in the negative, Vazquez-Munoz informed Frey that he wished to pursue an appeal. Vazquez-Munoz testified Frey responded by stating there was nothing more that could be done and that the only recourse available to Vazquez-Munoz was a motion under 28 U.S.C. § 2255. Immediately following that conversation, Vazquez-Munoz drafted a letter to this court,

---

[1] Unfortunately, due to an oversight by the government, Frey was not available to be called as a witness at the September 22, 2006, evidentiary hearing. Consequently, the hearing was continued until September 25, 2006, in order to provide the parties with the opportunity to examine Frey.

[2] In his brief, Vazquez-Munoz declares that "immediately after the Court advised me of my right to appeal, I requested of Mr. Frey to file my appeal before the conclusion of the sentencing proceeding."

5

with the aid of a fellow inmate acting as a Spanish interpreter, dated November 13, 2000. The letter reads as follows:

> I am writing to you to request another attorney be appointed to me concerning an appeal of my sentencing in your court on October 27[,] 2000.
>
> I've spoken to my attorney, Michael Frey, and he has advised me that I need to file a 2255 motion for new legal council [sic]. As I am not a legal expert, or an advocate of the court, I am at this time requesting your assistance in filing this motion.
>
> There is a conflict of interest pursuant to my plea-agreement and my P.S.I. report. I was sentenced according to the accusations in my P.S.I. and I was not givin [sic] the oppertunity [sic] to challenge the accusation at my time of sentencing, per my present attorney.
>
> I would like to exersise [sic] my legal write [sic] to appeal my sentencing and challenge my alleged role in my offence [sic] according to the government allegations.

Letter, Defendant's Exhibit A, dated Nov. 11, 2000. This letter was not received by the court until November 20, 2000.

In contrast to Vazquez-Munoz's testimony, Frey testified that he fully apprised Vazquez-Munoz of his right to appeal any sentence imposed by the court. However, both prior to and immediately after the conclusion of his sentencing proceedings, Vazquez-Munoz represented that he did not want to appeal his sentence and instead, wished to pursue a Rule 35 motion. Frey testified he has no recollection of Vazquez-Munoz ever indicating he wished to file an appeal, and that he further did not have any record in his file that Vazquez-Munoz requested him to file an appeal. Frey further stated that if there had been such a request made by Vazquez-Munoz, he would have made an annotation in his file, pursuant to his standard practice.

Following receipt of Vazquez-Munoz's previously quoted letter dated November 11,

2000, this court appointed attorney Patrick Parry to represent Vazquez-Munoz with respect to his § 2255 petition. Parry was also called to testify at the hearing. Parry indicated that he sent the defendant a couple of letters in late November and early December of 2000. Parry did not receive a response from Vazquez-Munoz until March of 2001. In his written response, Vazquez-Munoz indicated he would be contacting Parry in the future. Vazquez-Munoz never attempted to communicate with Parry again, and instead, filed a *pro se* notice of appeal. As the issue is now fully submitted, the court will consider the merits of Vazquez Munoz's claim of ineffective assistance of counsel after considering the standards applicable to his § 2255 motion.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417

U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1346 (2006). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (further explaining the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981)). To

establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir.) ("'We review de novo the district court's denial of a section 2255 motion.'"), *cert. denied*, 126 S. Ct. 2341 (2006) (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

## B. Ineffective Assistance Of Counsel

Vazquez-Munoz argues that his sentence should be vacated and he should be permitted to file an out-of-time-appeal from his sentence on the ground that his counsel was constitutionally ineffective. Specifically, he contends that his counsel was ineffective in failing to appeal the sentence he received, namely, due to the defendant's disagreement with his role in the conspiracy and the drug quantity attributable to him. The court will now consider Vazquez-Munoz's allegations.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." *U.S. Const. amend*. VI.   Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003).   By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence  in violation of the Constitution or laws of the United States.   28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States.").   The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record.   *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").   Thus, whether or not Vazquez-Munoz is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

### 1.     Failure to file after being expressly instructed by the client

Vazquez-Munoz's argument is premised upon his counsel's alleged failure to file a direct appeal in opposition to his stated intentions.   Persons convicted of crimes in federal district court have a right to direct appeal.   *Evitts*, 469 U.S. at 396.   To establish ineffective assistance of counsel, the general law is well-established:   "[P]ost-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'"   *United States v. Ledezma-Rodriguez*, 423

F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").  However, in situations where the defendant expressly requests that his counsel file an appeal and counsel fails to do so, thereby depriving the defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal.  *See Hollis v. United States*, 687 F.2d 257, 259 (8th Cir. 1982) (quoting *Robinson v. Wyrick*, 635 F.2d 757, 758 (8th Cir. 1981)); *see Holloway*, 960 F.2d at 1356-57 (same); *Estes v. United States*, 883 F.2d 645, 648 (8th Cir. 1989) ("This Court has held that counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255."); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n.3 (8th Cir. 1988) ("[D]eficient attorney performance in perfecting an appeal is prejudicial under the *Strickland v. Washington*, standard for determining ineffective assistance of counsel." (citation omitted)).  Such a failure is considered to be prejudicial *per se* and the defendant is not required to show that a direct appeal would have been successful or even to suggest what issues may have been presented on appeal.  *See Holloway*, 960 F.2d at 1357.  Thus, if in fact Vazquez-Munoz instructed his counsel to file an appeal, this case would be controlled by *Hollis v. United States* and *Holloway v. United States*, and this court would be compelled to hold that the failure of Vazquez-Munoz's counsel to file a notice of appeal constitutes ineffective assistance of counsel.  However, the testimony elicited during the evidentiary hearing, coupled with the facts and circumstances revealed in the record,

demonstrate to this court that Vazquez-Munoz did not instruct his counsel, as he avers.

The court will first address Vazquez-Munoz's assertion in his brief that he immediately asked Frey to appeal his sentence following the sentencing. To this end, attorney Frey was an extremely credible witness who testified that, at the time of sentencing, Vazquez-Munoz stated he did not wish to appeal his sentence and instead, wanted to pursue a Rule 35 motion. Frey indicated he and the defendant talked at length regarding the defendant's right to appeal, but that the defendant never represented he wished to appeal his sentence. This court, having observed both witnesses and heard their corresponding testimony, believes Frey's statements and adopts his version of events as its findings of fact. In addition to his credibility as a witness, Frey's version of the facts is supported by the record. The sentencing transcript reveals that Vazquez-Munoz withdrew his objections to the PSIR prior to the sentencing and accepted the PSIR as it was written in final form. Sentencing Transcript, at 5. The transcript further reveals that the sentencing court discussed, at great length, how a Rule 35 motion could potentially reduce Vazquez-Munoz's overall sentence and what factors would primarily be considered in determining the amount of the reduction. In light of Vazquez-Munoz's lack of objections to the final PSIR and the fact the court outlined the requirements of a Rule 35 motion for the defendant in open court, the only logical conclusion that can be gleaned from the record is that the defendant demonstrated to counsel a strategic decision to reduce his sentence via a Rule 35 motion, and not by pursuing an appeal on the merits. Finally, although Vazquez-Munoz stated differently in his brief, during the evidentiary hearing, he admitted he did not indicate to Frey, at the time of sentencing, that he desired to pursue an appeal. Accordingly, this court concludes that the fact that Vazquez-Munoz has managed to make a single, self-serving, self-contradicting statement in his brief is insufficient to rebut the overwhelming evidence in the record and transcripts to the

contrary. *See Holloway*, 960 F.2d at 1358 (holding that defendant's single self-serving statement insufficient to render the records of his case inconclusive on the question of whether he instructed his counsel to appeal) (citing *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365 (8th Cir. 1983)).

With respect to the events that transpired after sentencing on approximately the 10th-13th of November, 2000, this court reaches the same conclusion. Taking into consideration all of the evidence introduced at the evidentiary hearing, the court concludes that although Vazquez-Munoz inquired into the possibility of an appeal during his phone conversation with Frey on November 13, 2000, he did not specifically direct Frey to file an appeal. Rather, it is likely, based on the fact that Frey testified he had neither an independent recollection of Vazquez-Munoz telling him he wanted to appeal, nor had documented such a request in his file, that after Vazquez-Munoz inquired into the possibility of an appeal, that Frey informed him, due to the fact that Vazquez-Munoz waived his objections to the PSIR, any appeal would be fruitless and his only recourse would be to file a motion under § 2255 for ineffective assistance of counsel with respect to the issue of Vazquez-Munoz's role in the offense. This conclusion is bolstered by Vazquez-Munoz's letter, which states, essentially, that Frey advised the defendant to file a § 2255 motion and to request new legal counsel. Vazquez-Munoz's letter further corroborates this court's version of the facts because it expressly states that the issue Vazquez-Munoz wished to pursue on appeal was his role in the offense as asserted in the PSIR. Notably, Vazquez-Munoz does not ever expressly indicate in his letter that he directed Frey to appeal and that Frey failed to do so. He simply seeks new legal counsel to help him with his appeal and § 2255 petition. Accordingly, because this court has concluded Vazquez-Munoz did not instruct his counsel to file an appeal, to the extent he asserts an ineffective assistance of counsel claim on these grounds, his requested relief is

**denied**.

### 2. *Failure to file without obtaining defendant's consent*

If counsel fails to file a notice of appeal simply without obtaining the defendant's express consent to that effect, a different framework is utilized as set forth by the Supreme Court in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Although the defendant does not unequivocally allege such a scenario, out of an abundance of caution, and because the defendant is a *pro se* litigant, the court will proceed to discuss the merits of such a claim.

The presumption of prejudice employed in *Hollis* and *Holloway* is only applicable when counsel failed to file a notice of appeal after being "so instructed by the client." *Estes*, 883 F.2d at 648. However, prior to *Roe*, the Ninth Circuit held that the *per se* presumption of prejudice applied to cases in which the client merely failed to consent to the failure of his counsel to file an appeal. *See United States v. Stearns*, 68 F.3d 328, 330 (9th Cir. 1995) (holding that a defendant need only show that he did not consent to his counsel's failure to file an appeal for it to be ineffective assistance of counsel). In *Roe*, however, the Court rejected the Ninth Circuit's rule that "[c]ounsel must file a notice of appeal unless the defendant specifically instructs otherwise." 528 U.S. at 478. Instead, the Court imposed a different analytical framework applicable to such "failure to consent" types of cases. *Id.* First, a court must ask whether counsel consulted with the defendant about an appeal; and, if not, the inquiry turns to whether the failure to consult constituted deficient performance. *Id.* In contrast to the then-in-existence rule in the Ninth Circuit, the Court held that the answer to the second question need not always be answered in the affirmative. *Id.* Rather, the Court held that the deficient performance prong of *Strickland* is satisfied in failure to consult cases where "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to

counsel that he was interested in appealing." *Id.* at 480. The Supreme Court further rejected the Ninth Circuit's *per se* rule on the prejudice prong of *Strickland*. Contrarily, the Court held that to show prejudice, the defendant "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. Prejudice does not require that the defendant show that he had meritorious grounds for appeal, but "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making" the determination whether there is a reasonable probability the defendant would have appealed. *Id.* at 485. Thus, the defendant does not need to show that there was any likelihood he might have prevailed on appeal to show prejudice; rather, he only must demonstrate that he would have appealed had his lawyer asked. *See id.*

Turning to the facts of this case, it is clear that Frey consulted with Vazquez-Munoz on at least two occasions regarding his right to appeal. Specifically, Frey testified he fully apprised Vazquez-Munoz of his right to appeal both before and again, albeit briefly, after the sentencing. Vazquez-Munoz indicated he did not wish to appeal, and instead, expressed interest in a Rule 35 motion. Accordingly, if this court credits Frey's testimony, which it does, it is apparent that Vazquez-Munoz consented to the decision to not pursue an appeal by virtue of his stated intent to pursue a Rule 35 motion. Even if he had not, however, his ineffective assistance of counsel claim would not be able to pass muster under the Supreme Court's analysis set forth in *Roe* because Vazquez-Munoz can neither demonstrate the failure to consult constituted deficient performance, nor that he suffered prejudice as a result.

First, with respect to the deficient performance prong, there was no reason for Frey to think that Vazquez-Munoz would have wanted to appeal. Vazquez-Munoz agreed to

withdraw his objections to the final PSIR prior to the sentencing, indicating he agreed with the Guidelines calculations and the details regarding his involvement in the conspiracy contained in the PSIR. As a result of his decision to withdraw his objections, Vazquez-Munoz received a reduction for acceptance of responsibility and was sentenced favorably at the low end of the Guidelines range. Moreover, Vazquez-Munoz indicated he wished to pursue a Rule 35 motion, not file an appeal. Accordingly, there is nothing in the record that would give a reasonable attorney pause to think that Vazquez-Munoz desired to pursue an appeal. Second, Vazquez-Munoz's claims also fail on the prejudice prong under the *Roe* framework. This is so, because after a thorough review of the record in Vazquez-Munoz's case, this court is hard pressed to find even a remotely nonfrivolous ground for appeal. Based on the posture of his brief, however, it is probable that the primary issues Vazquez-Munoz wished to appeal were the amount of drugs attributable to him and his role in the conspiracy. However, as mentioned previously, Vazquez-Munoz did not launch objections with respect to these contentions at the time of his sentencing. Accordingly, even if he were allowed to appeal, the Eighth Circuit would review his claims for "'plain error resulting in a miscarriage of justice.'" *United States v. Jones*, 145 F.3d 959, 963 (8th Cir. 1998) (quoting *United States v. Flores*, 959 F.2d 83, 88 (8th Cir. 1992)); *see also United States v. Mickelson*, 378 F.3d 810 (8th Cir. 2004). Based on the information contained in the final PSIR and the record, this court concludes that Vazquez-Munoz would not be able to satisfy this standard based on his own admissions to law enforcement officers. The presentence report details Vazquez-Munoz's involvement in a two-year conspiracy to distribute methamphetamine. Many of the quantities were admitted to by Vazquez-Munoz at the time of his arrest and his debriefing with law enforcement officials. In addition, certain quantities were corroborated by Vazquez-Munoz's conconspirators. With respect to Vazquez-Munoz's role in the conspiracy, based on Vazquez-Munoz's and

his coconspirators' statements, the three-level increase for his role as a manager was not plain error in light of the number of participants and extensive nature of Vazquez-Munoz's involvement. As such, Vazquez-Munoz is unable to establish prejudice as required by *Roe*. Therefore, Vazquez-Munoz's claim of ineffective assistance of counsel fails on the "prejudice" prong, even if the court assumes, for the sake of argument, that Frey's alleged failure to consult with Vazquez-Munoz about filing an appeal constituted "deficient" performance.

### 3. *Failure to object to the PSIR regarding the defendant's role in the offense*

During the evidentiary hearing, Vazquez-Munoz, for the first time throughout the course of these proceedings, argued that his counsel was ineffective in failing to object to the final draft of the PSIR and for counseling Vazquez-Munoz to waive his objections. Although his written § 2255 motion does not argue this point, because the defendant drafted his motion *pro se*, the court will address this contention, even though Vazquez-Munoz did not assert this issue until the hearing. This claim, unlike Vazquez-Munoz's previous contentions, constitutes a "garden variety" ineffective assistance of counsel claim. Consequently, the *per se* presumption of prejudice is inapplicable, and the traditional framework for evaluating ineffective assistance of counsel claims is appropriate.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. at 687); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth

Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a

reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

Applying these standards, it is clear that Vazquez-Munoz has not met his burden of proof with respect to either the deficient performance or the prejudice prong of the ineffective assistance of counsel analysis. First, as stated previously, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). During the evidentiary hearing, Frey testified that he felt it was the best strategic choice or tactical decision, and consequently, in Vazquez-Munoz's best interest, to waive all objections to the PSIR and instead, pursue relief post-sentencing via a Rule 35 motion. This testimony is corroborated by Frey's and Vazquez-Munoz's statements that were made during the original sentencing hearing about what transpired prior to the sentencing hearing:

> MR. FREY: We went over again the objections, his options, the potential ramifications of the decisions that he could make and the likelihood of some of the other things that he wanted to happen, what the likelihood of those were, and it was his decision at that point to change his mind and withdraw his objections and to proceed to sentencing by accepting the presentence investigation report as it is currently

written in final form.

> THE COURT: Do you have professional opinion, Mr. Frey, as to whether it was in your client's best interest to withdraw the objections to the presentence report?
>
> MR. FREY: Absolutely. I believe it was.
>
> THE COURT: Okay. Thank you.
>
> Mr. Vasquez [sic], is what Mr. Frey told me true and accurate to the best of your understanding and belief?
>
> THE DEFENDANT: Yes, Your Honor.

Transcript of Sentencing, at 5 (Oct. 27, 2000). During the evidentiary hearing, Vazquez-Munoz, while under oath, represented that he had been truthful in the statements he made during his sentencing. Consequently, the only logical conclusion this court can make is that Frey made a strategic decision, after reviewing all of the evidence in the case against Vazquez-Munoz, that his client had a better chance of success in pursuing a Rule 35 motion, rather than launching tenuous objections to the final draft of the PSIR. Such a strategic decision does not constitute deficient performance, and consequently, this particular claim of ineffective assistance of counsel must fail.

Moreover, even if Vazquez-Munoz could demonstrate an inkling of deficient performance, this particular claim of ineffective assistance of counsel would still fail because this court concludes Vazquez-Munoz cannot demonstrate he was prejudiced by counsel's strategic decision. In light of Vazquez-Munoz's coconspirators' statements, in addition to his own, the three-level increase for his role as a manager was not error due to the number of participants and extensive nature of Vazquez-Munoz's involvement. Thus, Vazquez-Munoz cannot show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome'" because this court would likely have overruled any objections launched with

respect to Vazquez-Munoz's role in the offense. *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, this particular claim of ineffective assistance of counsel fails in this aspect as well, and for these reasons is hereby **denied**.

## C. Certificate Of Appealability

Defendant Vazquez-Munoz must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that Vazquez-Munoz's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); *Fed. R. App. P.* 22(b). Accordingly, with respect to Vazquez-Munoz's claims, the court **shall not** grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).)

### III.  CONCLUSION

Upon the foregoing, Vazquez Munoz's June 24, 2002, *pro se* Motion To Vacate, Set Aside, Or Correct Sentence (Doc. No. 59) is **denied in its entirety** and the court **shall not** grant the defendant a certificate of appealability.

**IT IS SO ORDERED.**

**DATED** this 28th day of September, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA